IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING



**FILED**

*9:39 am, 1/23/26*

**Margaret Botkins**
**Clerk of Court**

ABUDUMIJITI ABUDUKAIYOUMU,

Petitioner,

vs.

IMMIGRATION AND CUSTOMS
ENFORCEMENT AND REMOVAL
OPERATIONS DENVER FIELD
OFFICE DIRECTOR,

Respondent.

Case No.  26-CV-5-R

---

## ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241

---

This matter is before the Court on a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 filed by pro se petitioner, Abudumijiti Abudukaiyoumu. [ECF No. 1]. The Court, having considered the petition, response, and being otherwise fully advised hereby GRANTS Mr. Abudukaiyoumu's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241.

### *BACKGROUND*

Petitioner is a native and citizen of China and a citizen of Turkey.  [ECF No. 1-1]. The Department of Homeland Security (DHS) initiated removal proceedings against Petitioner on February 4, 2025.  *Id.*  Since then, Petitioner applied for asylum and requested withholding of removal.  *Id.*  On May 22, 2025, an Immigration Judge determined

Petitioner was inadmissible pursuant to INA §§ 212(a)(7)(A)(i)(I) and 212(a)(6)(A)(i). *Id*. The Immigration Judge denied Petitioner's asylum application and granted Withholding of Removal under INA § 241(b)(3). *Id*. Neither Petitioner, nor the government appealed the decision. *Id*.

On January 8, 2026, Petitioner filed his § 2241 petition pro se. [ECF No. 1]. Petitioner argues the Due Process Clause requires his release from custody because his removal is not reasonably foreseeable. *Id*. Petitioner contends he has no criminal history, is not a flight risk, and does not pose a danger to the community. *Id*. Petitioner further asserts both his physical and mental health are deteriorating due to the conditions of detention. *Id*. Petitioner seeks a writ of habeas corpus ordering his immediate release. *Id*.

The Court ordered the Petition served on the Respondent and ordered the Respondent to show cause why the Petition should not be granted. [ECF No. 2]. In response, Respondent asserts ICE performed a Post Order Custody Review on December 4, 2025, and determined Petitioner did not satisfy the conditions for release because he poses a significant flight risk and ICE expects to receive the necessary travel documents to effectuate removal. [ECF No. 4, at 3]. However, the government states "there is no specific timeline for Petitioner's expected removal from the United States." *Id*.

### DISCUSSION

A writ of habeas corpus under 28 U.S.C. § 2241 may be granted to an individual "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). When a noncitizen is ordered removed, generally, the government "shall

remove the alien from the United States within a period of 90 days." 8 U.S.C. § 1231(a). That ninety-day period is known as the "removal period." *Id.*  Where the government fails to remove a noncitizen within the removal period, further detention is authorized when the noncitizen is: "(1) 'inadmissible' under certain grounds, (2) 'removable' as a result of violations of status requirements or entry conditions, violations of criminal law, or reasons of security or foreign policy, (3) or has been 'determined by the Attorney General to be a risk to the community or unlikely to comply with the order of removal.'" *Salad v. Dep't of Corr.*, 769 F. Supp. 3d 913, 920 (D. Alaska 2025) (citing *Zadvydas*, 533 U.S. 678, 682 (2001)); 8 U.S.C. § 1231(a)(6).

In *Zadvydas*, the Supreme Court noted that an alien must be detained during the removal period. 533 U.S. at 683.  It held, however, that "once removal is no longer reasonably foreseeable, continued detention is no longer authorized by the statute." *Id.* at 699.  According to the Court, the basic question a habeas court must decide is whether "the detention in question exceeds a period reasonably necessary to secure removal." *Id.* It found a presumptively reasonable detention period of six months.  *Id* at 701.  After six months, and:

> once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing. And for detention to remain reasonable, as the period of prior postremoval confinement grows, what counts as the "reasonably foreseeable future" conversely would have to shrink.

*Id.*

3

The government acknowledges that "Petitioner has been detained for seven months since the IJ's order for deportation became administratively final on June 21, 2025." [ECF No. 4, at 8]. Consequently, Petitioner's detention has exceeded the presumptively reasonable six-months considered by the Supreme Court in *Zadvydas*. 533 U.S. at 701; *Clark v. Martinez*, 543 U.S. 371, 386–87, 125 S. Ct. 716, 727, 160 L. Ed. 2d 734 (2005); *see also, e.g.*, *Moreno v. Bondi*, No. 25-3168-JWL, 2025 WL 2926547, at *3 (D. Kan. Oct. 15, 2025) (petitioner held in post-removal order detention for seven and a half months entitled to habeas relief); *Mohammad Momennia, Petitioner, v. Pamela Bondi, Att'y Gen., et al., Respondents.*, No. CIV-25-1067-J, 2025 WL 3011896, at *7 (W.D. Okla. Oct. 15, 2025) Report and Recommendation Adopted at No. CV 25-1067-J, 2025 WL 3006045, at *2 (W.D. Okla. Oct. 27, 2025) (granting habeas relief where petitioner held for six and a half months post-removal order); *Bryan Anduaga-Colin, Petitioner, v. Pamela Bondi, Att'y General; Kristi Noem, Sec'y, Dep't of Homeland Security; Samuel Olson, Dir., ICE Field Office; & C. Carter, Warden, FCI-Leavenworth, Respondents.*, No. 25-3151-JWL, 2025 WL 2926546, at *3 (D. Kan. Oct. 15, 2025) (petitioner detained for eight months post-removal order entitled to habeas relief).

The government contends that continued detention is necessary because Petitioner presents a significant flight risk pending removal and because ICE expects to receive his necessary travel documents to effectuate removal. [ECF No. 4-1, at 4]. The government contends ICE is working in coordination with the Department of State to evaluate and select a third country for removal, but a timeline for Petitioner's removal from the United States cannot be provided. *Id.* The Court notes more than seven months have passed since

4

Petitioner's order of removal became final and the government has taken no meaningful steps to effectuate his removal from the country.  Respondent's contention that Petitioner must remain detained because he is subject to a final removal order is a general conclusion and not necessarily specific to Petitioner.  Further, "preventing flight . . . is [a] weak or nonexistent [justification] where removal seems a remote possibility at best." *Zadvydas*, 533 U.S. at 690; *see also, e.g., Jimenez Chacon v. Lyons*, No. 2:25-CV-977-DHU-KBM, 2025 WL 3496702, at \*7 (D.N.M. Dec. 4, 2025); *Ahrach v. Baltazar*, No. 25-CV-03195-PAB, 2025 WL 3227529, at \*5 (D. Colo. Nov. 19, 2025).  Additionally, Respondent indicates it cannot provide a timeline for Petitioner's removal from the United States and the general assertion that ICE is coordinating with the Department of State to evaluate and select a third country for removal provides nothing to indicate his removal is likely in the reasonably foreseeable future. *Zadvydas*, 533 U.S. at 701.

Finally, it is worth noting that the Immigration Judge found Petitioner inadmissible under INA § 212(a)(6)(A)(i), codified at 8 U.S.C. § 1182(a)(6)(A)(i), which states: "An alien present in the United States without being admitted or paroled, or who arrives in the United States at any time or place other than as designated by the Attorney General, is inadmissible." 8 U.S.C. § 1182(a)(6)(A)(i).  Thus, the Immigration Judge found Petitioner inadmissible because he entered the country without being admitted or paroled, or because he entered the country at a place other than one designated by the Attorney General. [ECF No. 1-1, at 1]. Notably, he was not denied entry because he had a criminal record or would be otherwise a danger to the community.  There is nothing in Petitioner's case that would require his continued detention under 8 U.S.C. § 1231(a)(6).  At this stage of the

proceedings, the Court lacks a supportable legal basis to continue Petitioner's detention while the government seeks removal to a third country.  Because Petitioner's removal is not reasonably foreseeable, "continued detention is unreasonable and no longer authorized by statute." *Zadvydas*, 533 U.S. at 699–700.

### *CONCLUSION*

Petitioner's continued detention is unlawful.[1]  The Court, therefore, **GRANTS** his Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. [ECF No. 1]. A Writ shall issue.

**IT IS FURTHER ORDERED** Respondents shall release Petitioner from custody, subject to an appropriate order of supervision, by **January 30, 2026**, and shall provide notice to this Court when Mr. Abudukaiyoumu is released from custody.

Dated this 23rd day of January, 2026.

_____
Kelly H. Rankin
United States District Judge

---

[1] As noted in this Court's separately issued Writ of Habeas Corpus, Mr. Abudukaiyoumu shall be subject to appropriate conditions of release necessary to protect the public safety and promote the ability of the government to affect his removal to a third country. *See* 8 U.S.C. § 1231(a)(3) and 8 C.F.R. § 241.13(h).